990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roderick FAIRCHILD, Plaintiff-Appellant,
v.
W.T. FLANAGAN, Deputy, Detective Sgt. Badge No. M-9, Mohave
County Sheriff's Office, Defendant-Appellee.
 No. 92-16719.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roderick Fairchild appeals pro se the district court's grant of summary judgment in favor of the defendant in his 42 U.S.C. § 1983 action. In his action, Fairchild claims that Flanagan, a law enforcement officer, violated his constitutional rights by making false statements in an affidavit of probable cause and obtaining a search warrant based on that affidavit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 
 4
 "On summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party." Id. Initially, the moving party must prove the "absence of any genuine issue of material fact that would allow a judgment as a matter of law." Id. If this is proven, the nonmoving party must then produce evidence which would be "sufficient to support a jury verdict in her favor." Id. at 884-85.
 
 
 5
 "To make out a prima facie case under section 1983, plaintiffs must show that the defendants (1) acted under color of state law, and (2) deprived the plaintiffs of rights secured by the constitution." Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir.1988). Law enforcement officers enjoy immunity for civil damages as long as their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 706 (9th Cir.1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). We review warrant affidavits to ensure that the magistrate had a substantial basis for concluding that probable cause existed. United States v. Johns, 948 F.2d 599, 602 (9th Cir.1991).
 
 
 6
 Here, Flanagan, a deputy in the Mohave County Sheriff's Office, conducted an investigation into the burglary of a local dining establishment. During the investigation, he received information from a suspect in the burglary that Fairchild was also involved in the burglary. The suspect stated that he and Fairchild had burglarized the restaurant and that he had seen the stolen property at Fairchild's residence. The suspect escorted sheriff's deputies to Fairchild's residence. Based on this information, Flanagan sought and received a warrant to search Fairchild's residence. Fairchild claims the affidavit contained inaccuracies regarding directions to his residence, description of his automobile, and his physical description.
 
 
 7
 Flanagan is immune for civil damages for his part in obtaining a search warrant of Fairchild's residence. See Kennedy, 901 F.2d at 706. Even if Fairchild's injuctive claim were properly brought, Flanagan's affidavit, redacted of any alleged misrepresentations, provides a sufficient basis for probable clause to search. See Johns, 948 F.2d at 603. Fairchild failed to allege facts that would allow a judgment under 42 U.S.C. § 1983. See Borunda, 885 F.2d at 1391. The district court properly granted summary judgment in favor of the defendant in Fairchild's section 1983 action. See Hopkins, 958 F.2d at 884.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3